**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                **CRIMINAL NO. 1:13CR93-LG-RHW**

**JAMES ALLEN MYERS**

**ORDER DENYING MOTION FOR ACQUITTAL AND**
**DENYING MOTION FOR NEW TRIAL**

BEFORE THE COURT are the [67] Motion for Acquittal and [68] Motion for

New Trial filed by the defendant James Allen Myers.  Following a three-day trial,

Myers was found guilty on all counts of the indictment, which alleged that he

knowingly transported and possessed visual depictions of minors engaged in

sexually explicit conduct, or what is commonly referred to as child pornography.

Defendant Myers moves for a judgment of acquittal pursuant to Federal Rule

of Criminal Procedure 29, which provides that if a jury has returned a guilty

verdict, "the court may set aside the verdict and enter an acquittal." FED. R. CRIM.

P. 29(c)(2).  In support of his Motion, Myers asserts that the government failed to

offer sufficient proof as to the "knowingly" element of each offense in the

indictment.

In the alternative, Myers seeks a new trial pursuant to Federal Rule of

Criminal Procedure 33, which permits a court to "vacate any judgment and grant a

new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).  He contends

he is entitled to a new trial on several grounds, including the denial of his Motion to

Suppress (ECF No. 35), and the admission of certain testimony and evidence.

The government has filed a response in opposition to each Motion.  The Court has considered the Motions, and after a review of the parties' submissions and the record as a whole, finds that Myers has not shown that the jury's verdict should be set aside, or that the interest of justice requires a new trial.

DISCUSSION

## I. Motion for Judgment of Acquittal

In the context of a motion for acquittal, "[t]he jury's verdict will be affirmed if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011) (internal quotation marks omitted).  In evaluating a motion under Rule 29, the Court views the evidence in the light most favorable to the government.  *See United States v. Quiroz-Hernandez*, 48 F.3d 858, 864-65 (5th Cir. 1995); *United States v. Fontenot*, 483 F.2d 315, 319 (5th Cir. 1973).

Myers challenges the sufficiency of the government's evidence that he "knowingly" transported and possessed child pornography.  Specifically, he asserts that the government failed to prove that he "was the person that downloaded, produced, or accessed any of the images" on the various items seized from his residence.  (Mot. for J. of Acquittal 1, ECF No. 67).  He also notes that the computers seized from his bedroom were not password-protected.

Transportation of Child Pornography

At trial, the government produced multiple computers, hard drives, and compact disks that had been seized from Myers's bedroom during a search that took

place while Myers was present.  Myers was the sole occupant of that bedroom, which he rented from the owners of the residence.  When the seized computer equipment was reviewed by an expert in the forensic analysis of computers, it was found to contain thousands of images of child pornography.

The government presented evidence that Myers had moved from Florida to Mississippi shortly before the seizure took place, and that specific pieces of computer equipment seized in Mississippi had been in Myers's possession while he was living in Florida.  Witnesses for the government testified that Myers had been the sole user of that computer equipment while he resided in Florida.  Myers admitted to federal agents during the seizure that one of the hard drives, which was later found to contain child pornography, had been brought from Florida to Mississippi.  The government also presented testimony that when Myers left Florida and moved into his residence in Mississippi, he brought the computer equipment with him and personally moved it into his bedroom.  Testimony established that while Myers resided in Mississippi, he was the sole occupant of the room where the computer equipment was located, and he was the only person who used the computer equipment until it was seized by federal agents.

<u>Possession of Child Pornography</u>

The computer equipment seized from Myers's bedroom, including compact disks, contained some 20,000 images of child pornography in total.  The government showed a number of those images at trial, many of which depicted very young (pre-pubescent) children who were nude or engaging in sexual conduct.  As noted above,

-3-

the computer equipment and disks seized from Myers were in his exclusive possession, and multiple witnesses testified that Myers had been the only user of that computer equipment.  One witness testified that Myers was knowledgeable about computers; others testified that he spent a great deal of time using his computers.  The government also produced evidence that an Internet Protocol address associated with Myers had been used to upload images of child pornography to an image-sharing website.  Additionally, witnesses testified that one of Myers's hobbies was photography, and that he frequently took photos of children.  The evidence presented at trial included a home video seized from Myers, in which a three-year-old child is seen naked from the waist down, and an adult male voice can be heard instructing the child to expose herself toward the camera.  Additional images of the same child were shown during the trial, and testimony established that Myers lived with the child for a period of time, and that he frequently served as a babysitter for her.

The United States Court of Appeals for the Fifth Circuit has held that "[j]uries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *United States v. Flores-Chapa*, 48 F.3d 156, 161 (5th Cir. 1995).  In this case, the government presented evidence that multiple pieces of computer equipment containing thousands of images of child pornography were seized from Myers's bedroom, and that Myers had maintained exclusive custody of that computer equipment.  Some of

-4-

the images presented at trial were of young children who lived in a residence with Myers.  Additionally, the government presented evidence that Myers had moved from Florida to Mississippi, and had brought his computer equipment with him. Under these circumstances, it was reasonable for the jury to conclude that Myers knowingly transported and possessed child pornography.  Accordingly, the Court will not set aside the jury's verdict, and the Motion for Judgment of Acquittal is denied.

### II.  Motion for New Trial

Having denied the Motion for Judgment of Acquittal, the Court proceeds to the Motion for New Trial.  "Such motions are disfavored and reviewed with great caution."  *United States v. Turner*, 674 F.3d 420, 428-29 (5th Cir. 2012) (citation omitted).   Myers cites several bases on which he contends he is entitled to a new trial: (i) the denial of his Motion to Suppress; (ii) a federal agent's testimony that images were sexually explicit; and (iii) "cumulative" evidence offered by the government.

Motion to Suppress

Prior to trial, Myers moved to suppress all of the evidence seized from his bedroom on the grounds that the search and seizure violated the Fourth Amendment.  State and federal agents conducted the search and seizure pursuant to a warrant issued by a state court in Pearl River County, Mississippi, on August 30, 2013.  The Court held a hearing on the Motion to Suppress, during which the government presented the testimony of the detective with the Pearl River County

Sheriff's office who obtained the state search warrant, as well as two of the federal agents who executed the search.

The agents' testimony established that a federal agent in Florida had contacted one of the federal agents in Mississippi on the morning of August 30, 2013, and explained that a federal search warrant had been executed at Myers's residence in Florida in connection with a child exploitation investigation.  The agent in Florida had learned from Myers's son that Myers had recently left Florida and was living in Mississippi.  He informed the agent in Mississippi of the nature of the investigation, and that Myers was known to babysit young children.  Federal agents in Mississippi immediately took steps to locate Myers, who was at his residence in Pearl River County.  The federal agents went to the residence accompanied by detectives from the Pearl River County Sheriff's Office.  They approached Myers and explained to him the nature of their investigation.  The agents informed Myers that a search warrant had been executed at his residence in Florida, and that a particular computer hard drive was missing from that residence. Myers confirmed that the hard drive was in his possession, and he directed the agents to his bedroom and pointed to a hard drive in his closet.

When they reached Myers's bedroom, the agents noted that a number of other pieces of computer equipment, compact disks, and VHS tapes were in plain view.  All of those items are commonly found in child exploitation investigations. The agents then began picking up some of those items, and informed Myers that they intended to seize them.  At that point, Myers revoked his consent, and the

-6-

agents stopped their search and exited the residence.  One of the detectives with the Pearl River County Sheriff's Office then left the residence and obtained a state search warrant.  The detective telephoned the federal agents who had remained outside the residence, and informed them that he had procured a warrant.  The agents informed Myers that they had obtained a warrant, and seized a variety of computer equipment and electronic media from his bedroom.  The items seized from Myers were subsequently examined by a computer forensics expert pursuant to a federal search warrant.  Federal authorities determined that Myers's computer equipment contained thousands of images of child pornography.

Myers's Motion to Suppress challenged the sufficiency of the state search warrant.  After hearing the agents' testimony as well as arguments from the defendant and the government, the Court denied the Motion.  The Court determined that: two of the hard drives were seized pursuant to Myers's consent; the remaining evidence was in plain view; and that even though the state warrant was deficient, the good faith exception to the exclusionary rule applied.  At trial, defense counsel made a continuing objection to the introduction of the evidence seized pursuant to the state search warrant.  Additionally, at the close of the government's case-in-chief, the defense moved to strike all of the evidence seized pursuant to that warrant.  Those objections were overruled, and the motion was denied.[1]  Myers contends that this Court committed error in admitting the evidence

---

[1] Myers also moved for a judgment of acquittal on the grounds that, without the items seized pursuant to the state search warrant, the evidence would be

seized pursuant to the state search warrant, and seeks a new trial.

For the same reasons that the Court denied the Motion to Suppress, the Court declines to find that Myers is entitled to a new trial on the grounds that the seizure of evidence from his bedroom violated the Fourth Amendment.  Myers raised his Fourth Amendment objections prior to trial, and after hearing testimony from three agents regarding the search and seizure, and arguments from the defendant and the government, the Court concluded that the admission of the evidence would not violate the Fourth Amendment.  As the Court stated on the record at the hearing, Myers consented to the seizure of some of the items, while others were in plain view in his bedroom, which Myers had directed the agents to enter.  Additionally, the officers conducting the search did not act recklessly or with indifference to the defendant's Fourth Amendment rights, and therefore the good faith exception applied under *United States v. Leon*, 468 U.S. 897 (1984).  Myers has not demonstrated that "the interest of justice" requires that the Court vacate the jury's verdict and grant him a new trial as a result of the execution of the state search warrant.

<u>Agent Evans's Testimony</u>

Myers maintains that he is entitled to a new trial because a federal agent testified impermissibly as to an "ultimate issue" that should have been determined by the jury.  Danyelle Evans, who is a special agent with the Department of

insufficient to sustain a conviction.  That motion was also denied.

Homeland Security, conducts child pornography investigations.  She executed the search warrant at Myers's residence, and testified on behalf of the government at trial.  During the course of her direct examination, Agent Evans was asked about what was contained on one of the compact disks seized from Myers's bedroom. Evans stated that the disk contained "images of sexual exploitation of a minor." Defense counsel objected and moved for a mistrial on the basis that Evans had testified as to the ultimate issue of whether the images were sexually explicit.  The Court denied the motion for a mistrial, and instructed the jury to disregard the agent's characterization of the images as child exploitation.

In his Motion for New Trial, Myers argues that the Court's instruction to the jury "was insufficient to cure the damage, or prejudice, arising from the testimony," which invaded the jury's province to determine whether the images shown involved minors and were sexually explicit.  (Mot. for New Trial 3, ECF No. 68).  The Court finds no error in its decision to deny a mistrial.  "[J]uries are presumed to follow instructions," and therefore the Court's instruction sufficiently cured whatever impact the testimony may have otherwise had on the jury.  *See United States v. Dixon*, 185 F.3d 393, 400 (5th Cir. 1999) (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)).  Agent Evans's isolated statement regarding one of the many devices seized from Myers, and which the Court immediately instructed the jury to disregard, was not so "highly prejudicial as to be incurable" by the Court's instruction.  *See United States v. Ramirez-Velasquez*, 322 F.3d 868, 878 (5th Cir. 2003) (citing *United States v. Klein*, 546 F.2d 1259, 1263 (5th Cir. 1977)).  This is

not a basis on which to set aside the jury's verdict.

Cumulative Evidence

Finally, Myers argues that he is entitled to a new trial because the government presented cumulative evidence as to Count One of the indictment. Count One charged Myers with knowingly transporting child pornography by "any means or facility of interstate or foreign commerce, including by a computer." (ECF No. 14). The Motion does not identify the specific evidence Myers claims was cumulative, but at trial, Myers objected to the admission of Exhibits G14, G15, and G16 as cumulative, and because they were not identified in the indictment.[2] Presumably, the Motion for New Trial challenges the Court's decision to admit those exhibits.

Federal Rule of Evidence 403 permits a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exhibit G14, G15, and G16 consisted of a CPU and two hard drives seized from Myers's bedroom. The government submitted that all of those computer devices had been transported in interstate commerce. The Court conditionally admitted the CPU (Ex. G14) subject to the requirement that testimony could establish that images of minors were found on it. Subsequently, the government presented a number of images of children that

---

[2] Myers raised the same objection to Exhibit G13A, but that exhibit was not ultimately used to support Count One, and the government did not contend that Exhibit G13A contained any images of child pornography.

were found on the CPU.  (*See* Exs. G14A–G14V).  The government also presented a number of images of children found on Exhibits G15 and G16, the two hard drives. (*See* Exs. G15A–G15W; G16A–G16Q).

Count One of the indictment did not specify which computer(s) related to the transportation charge, but the government's evidence showed that Myers brought multiple pieces of computer equipment from Florida to Mississippi.  The equipment found in Myers's bedroom in Mississippi was seized, and some of the images found thereon were displayed to the jury.  Given the evidence presented, the jury could have concluded that one or more of those computer devices contained child pornography and had been transported in interstate commerce.  The admission of multiple computer devices in support of Count One was not prohibitively cumulative, and the Court finds no error.  Moreover, Myers does not articulate in his Motion why the admission of these exhibits would justify setting aside the jury's verdict; nor does he cite any case law in support of this argument.  Accordingly, the Court declines to grant Myers a new trial on the basis that these items constituted cumulative evidence.[3]

The Court is likewise not convinced that "the cumulative nature of [its] errors necessitates a new trial for the defendant."  (Mot. for New Trial 4, ECF No. 68).  If

---

[3] Myers also notes that the Court permitted "hearsay and incompetent testimony to be considered by the jury" (Mot. for New Trial 3-4, ECF No. 68), but it is unclear what testimony he is referencing.  In any event, the Court has reviewed the trial record in its entirety, and finds no error warranting a new trial.

there was an error committed during trial, it did not constitute a miscarriage of justice. There is no reason to suspect the jury's verdict was a result of an error committed at trial. The government presented substantial and strong evidence in support of the offenses alleged in the indictment. Myers has not pointed to any basis on which "the interest of justice" would require a new trial in this case. Accordingly, the Motion for New Trial is denied.

CONCLUSION

The Court concludes that, due to the strength and volume of the government's evidence against Defendant Myers, a judgment of acquittal is not warranted. Additionally, the Court finds no error in the record that would justify setting aside the jury's verdict and granting Myers a new trial. Accordingly, the defendant's Motions are denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [67] Motion for Judgment of Acquittal filed by Defendant James Allen Myers is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [68] Motion for New Trial filed by Defendant James Allen Myers is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-12-